IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2006 OCT 17 AM 10:07
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| SKY TECHNOLOGIES LLC | Civil Action No. |
| Plaintiff, | Judge _____ |
| v. | 2-06CV-440 |
| SAP AG, SAP AMERICAS, INC. and ORACLE CORPORATION | Jury Trial Demanded |
| Defendants | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Sky Technologies, LLC ("Sky") files this Original Complaint against SAP AG, SAP Americas, Inc. (collectively, "SAP") and Oracle Corporation ("Oracle"), and for its causes of action would state the following.

## RELATED CASE

This case is related to an action filed in the Marshall Division of the Eastern District of Texas and assigned to Judge Folsom, captioned *Sky Technologies, LLC v. IBM Corporation*, No. 2:03CV454-DF filed December 18, 2003.

## PARTIES

1. Plaintiff Sky is a corporation organized and existing under the laws of Massachusetts with its principal place of business at 41 Rutland Square, Boston, Massachusetts 02118.

2. Upon information and belief, defendant SAP AG is a corporation organized and existing under the laws of Germany with its corporate headquarters and principal place of business at Dietmar-Hopp-Allee 16, Waldorf, Germany 69190.

3. Upon information and belief, defendant SAP Americas, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 3999 West


Chester Pike, Newton Square, Pennsylvania 19703. SAP Americas, Inc. is qualified to do business in the state of Texas, Filing No. 91850006, and has appointed CT Corporation System, 350 N St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

4. SAP AG and SAP Americas, Inc. are collectively referred to herein as "SAP."

5. Upon information and belief, defendant Oracle is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle is qualified to do business in the state of Texas, Filing No. 10507206, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, 78701 as its agent for service of process.

## JURISDICTION AND VENUE

6. This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq.* This Court has jurisdiction under 28 U.S.C. § 1338 and 28 U.S.C. § 1331.

7. Venue is proper in this District based on 28 U.S.C. §§ 1391 and 1400. Each defendant has transacted business in this district and, on information and belief, has committed and/or induced acts of patent infringement in this district.

8. Each defendant has sufficient contacts with this judicial district and the state of Texas to subject it to the jurisdiction of this Court, as both SAP and Oracle are registered to do business in Texas, both have established an agent for service of process in Texas, and both have in the past and continue to do business and commit and/or induce acts of infringement in Texas.

## BACKGROUND

9. Jeff Conklin founded TradeAccess, Inc., also known as Ozro, Inc. and later, Sky Technologies. Sky owns all of the intellectual property at issue in this Original Complaint.

10. On November 16, 1998, Sky filed applications for U.S. Patent No. 6,141,653 ("the '653 patent"), U.S. Patent No. 6,336,105 ("the '105 patent"), and U.S. Patent No. 6,338,050 ("the '050 patent") (collectively attached as Exhibit A). On October 31, 2000, the '653 patent was duly and legally issued to Sky. On January 1, 2002, the '105 patent was duly and legally issued to Sky. On January 8, 2002, the '050 patent was duly and legally issued to Sky.

11. Many of the claims of the '653, '105 and '050 patents relate to business software that facilitates multivariate negotiations among two or more parties.

12. SAP and Oracle have been and continue to willfully infringe the claims of the '653, '105 and '050 patents, both directly and indirectly.

13. Sky is entitled to a permanent injunction and damages as a result of SAP and Oracle's willful patent infringement, as further described below.

## DEFENDANTS' INFRINGEMENT OF THE '653 PATENT

14. Defendants are in the business of, among other things, making and selling products, services and software that infringe the '653 patent.

15. Defendants have been and still are infringing the '653 patent by making, using, importing, offering to sell and by selling business software embodying the patented invention, and will continue to do so unless enjoined.

16. Defendants have been and still are infringing the '653 patent by actively inducing others to infringe and contributing to the infringement by others of the '653 patent with knowledge of the existence of the '653 patent and its infringement.

## DEFENDANTS' INFRINGEMENT OF THE '105 PATENT

17. Defendants are in the business of, among other things, making and selling products, services and software that infringe the '105 patent.

18. Defendants have been and still are infringing the '105 patent by making, using, importing, offering to sell and by selling products and software embodying that patented invention, and will continue to do so unless enjoined.

19. Defendants have been and still are infringing the '105 patent by actively inducing others to infringe and contributing to the infringement by others of the '105 patent with knowledge of the existence of the '105 patent and its infringement.

## DEFENDANTS' INFRINGEMENT OF THE '050 PATENT

20. Defendants are in the business of, among other things, making and selling products, services and software that infringe the '050 patent.

21. Defendants have been and still are infringing the '050 patent by making, using, importing, offering to sell and by selling products and software embodying that patented invention, and will continue to do so unless enjoined.

22. Defendants have been and still are infringing the '050 patent by actively inducing others to infringe and contributing to the infringement by others of the '050 patent with knowledge of the existence of the '050 patent and its infringement.

## DEMAND FOR TRIAL BY JURY

23. Sky demands a trial by jury.

## CAUSES OF ACTION AGAINST DEFENDANT

## NO. 1 PATENT INFRINGEMENT -- 35 U.S.C §§ 271 and 281

24. Sky incorporates the preceding paragraphs as if fully set forth herein.

25. Defendants have violated and continue to violate 35 U.S.C. § 271. Specifically, Defendants have in the past and continue to make, use, import, sell and offer to sell products and services that infringe the claims of the '653, '105, '050 patents

26. Defendants have also contributed to and induced the infringement by others, without a license under the patents.

27. Defendants' past and continued infringement and inducing infringement of Sky's patents has damaged Sky, entitling Sky to no less than a reasonable royalty extending throughout the life of Sky's patents.

## REMEDIES AND PRAYER

## PERMANENT INJUNCTION -- 35 U.S.C. § 283

28. Sky incorporates the preceding paragraphs as if fully set forth herein.

29. Because of Defendants' actions, Sky has suffered and will continue to suffer irreparable injury, for which the remedies available at law provide inadequate compensation. Defendants' infringement thus warrants a remedy in equity and such remedy will not disserve the public interest.

30. Accordingly, in addition to monetary damages, Sky also seeks a permanent injunction to prevent Defendants' continued infringement of Sky's patents.

31. Unless enjoined, Defendants will continue to infringe and induce infringement of the '653, '105 and '050 patents as described herein.

## WILLFULNESS -- ENHANCED DAMAGES

32. Sky incorporates the preceding paragraphs as if fully set forth herein.

33. Upon information and belief, defendant SAP has known, since at least January 2001, that the '653 patent was duly issued to Sky, and SAP did not have a sound or good faith basis to believe it had the right to continue its unlicensed use of the infringing software

34. Upon information and belief, defendant SAP has known that the '105 and '050 patents were duly issued to Sky, and SAP had no sound or good faith basis to believe it had the right to continue its unlicensed use of the infringing software.

35. Upon information and belief, defendant Oracle has known, since at least April 2001, that the '653 patent was duly issued to Sky, and Oracle did not have a sound or good faith basis to believe it had the right to continue its unlicensed use of the infringing software.

36. Upon information and belief, defendant Oracle has known that the '105 and '050 patents were duly issued to Sky, and Oracle had no sound or good faith basis to believe it had the right to continue its unlicensed use of the infringing software.

37. As a result of Defendants' willful and deliberate misconduct, Sky seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## ATTORNEYS' FEES

38. Sky incorporates the preceding paragraphs as if fully set forth herein.

39. Because of Defendants' actions, Sky has been forced to retain counsel to enforce its rights.

40. Defendants' conduct makes this an exceptional case pursuant to 35 U.S.C. § 285.

41. Pursuant to 35 U.S.C. § 285, and to the maximum extent permitted by law, Sky seeks the recovery of its reasonable and necessary attorneys' fees incurred in bringing this action.

## PRAYER

**WHEREFORE**, Sky prays:

(a)  for a judgment that Defendants have been and continue to be infringing United States Letters Patent No. 6,141,653; No. 6,338,050; and No. 6,336,105;

(b)  for a permanent injunction enjoining Defendants and all in privity with them from further infringement of the claims of United States Letters Patent No. 6,141,653; No. 6,338,050; and No. 6,336,105;

(c)  for an award of damages from Defendants in an amount no less than a reasonable royalty extending over the life of Sky's patents;

(d)  for a threefold increase of the damages from Defendants, or some lesser increase as the Court deems appropriate, based upon Defendants' willful infringement;

(e)  for an award of the costs and expenses of this action and reasonable attorneys' fees herein incurred;

(f)  for pre- and post-judgment interest at the maximum allowable rate under the law; and

(g)  for such other and further relief as this Court may deem appropriate either at law or in equity.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

_/s/ Stephen Susman/MIT_
Stephen D. Susman
State Bar No. 19521000
E-Mail: ssusman@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Lead Attorney for Sky Technologies LLC

OF COUNSEL:

Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
Brian D. Melton
State Bar No. 24010620
E-Mail: bmelton@susmangodfrey.com
Lexie G. White
State Bar No. 24048876
E-Mail: lwhite@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Sky Technologies LLC