IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SKY TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-440 (DF) |
| | § | |
| SAP AG, SAP AMERICA, INC. and | § | |
| ORACLE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Currently before the Court is SAP AG and SAP America, Inc's Motion for Reconsideration Or, In the Alternative, Certification of Question for Interlocutory Appeal (Dkt. No. 214). A hearing on this matter was held on July 9, 2008. Having considered the arguments and briefing on this matter the Court finds that the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.   BACKGROUND

After several rounds of briefing (Dkt. Nos. 132, 147, 155, 171, 186, 189, 198, 200, 204, and 206) regarding Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Standing (Dkt. No. 132), the Court issued an order on June 4, 2008 (hereinafter "June Order") (Dkt. No. 212) finding that Sky Technologies LLC ("Sky") held title to the patents-in-suit. The June Order found that title was transferred by operation of Massachusetts state law after a foreclosure sale despite the lack of an assignment in writing. Dkt. No. 212 at 19.[1] The June Order also denied

---

[1] All pages numbers reference the docket header page numbers.

Ozro's intervention as moot.[2]

In the meantime, on April 11, 2008, Defendants filed a declaratory judgment action against Ozro in Massachusetts for non-infringement, invalidity, unenforceability and ownership of the same patents-in-suit. Ozro moved to transfer venue from Massachusetts to the Eastern District of Texas, but this motion was denied on June 3, 2008. A scheduling order was entered and Judge Young set a trial date of March 2009.

On June 13, 2008, Defendants brought this motion to reconsider, citing that the June Order conflicts with the assignment provision of 35 U.S.C. § 261 and case law from the Supreme Court and Federal Circuit. Dkt. No. 214 at 5. Alternatively, Defendants seek certification for interlocutory appeal. *Id.* at 6.

## II.     RECONSIDERATION

### A.     Parties' Positions

Defendants argue that the June Order is manifestly erroneous. Dkt. No. 214 at 7. Defendant's state that the June Order contradicts *Ager v. Murray*, 105 U.S. 126, 131 (1881) and *Akazawa v. Link New Technology Int'l, Inc.*, 520 F.3d 1354 (Fed. Cir. 2008). Dkt. No. 214 at 7. Defendants contend that the Federal Circuit's decision in *Akazawa* only applies to "heirs" under 35 U.S.C. § 154(a)(1) and not "assigns" who must secure legal title through a writing under 35 U.S.C. § 261. Dkt. No. 214 at 4. Defendants alternatively argue that there are "substantial grounds for a difference of opinion regarding whether the foreclosure provisions of the Massachusetts UCC can or do vest legal title in a patent upon foreclosure without a written

---

[2] Ozro is the party that Defendants contend holds title to the patents. Defendants contend that because standing must exist at inception of the litigation, the intervention of Ozro would not resolve the problem of standing.

assignment." *Id.* at 10 (citing Mass. Gen. Laws ch. 106, §§ 9-610, 9-617, 9-619).

Plaintiff responds that a motion for reconsideration is used sparingly and only appropriate where the moving party can point to controlling law or evidence that would alter the conclusion of the court. Dkt. No. 225 at 3 (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Applera Corp. v. MJ Research, Inc.*, 404 F. Supp. 2d 422, 423-24 (D. Conn. 2005)). Plaintiff argues that Defendants do not raise new issues, uncover new evidence, or demonstrate a "manifest error of law or fact." Dkt. No. 225 at 3-4.

### B.    Discussion

The Court has already considered two rounds of briefing, sought clarification of the issues from the parties, and issued two orders evaluating the same cases that Defendants raise in their motion to reconsider. The Fifth Circuit described the standard for a motion to reconsider:

> A Rule 59(e) motion "calls into question the correctness of a judgment." *in re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.3d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Walman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. supp. 2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).

*Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

The Court finds that Defendants have not raised any new issue or presented new evidence. Therefore, this Court does not find that the findings in the June Order warrants reconsideration and **DENIES** the request for reconsideration.

### III.    INTERLOCUTORY APPEAL

### A. Parties' Positions

Defendants alternatively argue that if the Federal Circuit agrees with Defendants this Court could avoid a needless trial involving the wrong parties. Dkt. No. 214 at 14.

Plaintiff contends that Defendants are seeking interlocutory appeal as a tactical maneuver. Dkt. No. 225 at 2. Plaintiff notes that it filed a declaratory judgment action in Massachusetts and is merely seeking to delay the trial here so that it may proceed in Defendants' chosen forum. *Id.* Plaintiff argues that an interlocutory appeal under 28 U.S.C. § 1292(b) is a "departure from the normal rule that only final judgment are appealable, and therefore must be construed narrowly." *Id.* at 5 (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002)). Citing *Cybor Corp. v. FAS Technologies Inc.*, 138 F.3d 1448, 1479 (Fed. Cir. 1998) for the proposition that the Federal Circuit has refused every request for interlocutory appeal of claims construction orders, Plaintiff argues that "no federal court rejects requests for interlocutory appeal more frequently than the Federal Circuit." Dkt. No. 225 at 6.

Defendants explain that there is no "gamesmanship" in filing in Massachusetts. Dkt. No. 232 at 7. Defendants contend that it filed its declaratory judgment only after Ozro threatened to sue defendants. *Id.* at 8 (citing Sky's Cur-Reply to SAP's Motion to Dismiss, Dkt. No. 171 at 3). Defendants state that they could not bring the action in the Eastern District of Texas because Ozro and co-defendant XACP are not subject to personal jurisdiction and venue here. *Id.* Defendants state that the "Federal Circuit has accepted interlocutory appeals in many cases involving jurisdictional defects, including standing." *Id.* at 11 (citing *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 206 Fed. Appx. 978 (Fed. Cir. 2006); *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1267 (Fed. Cir. 2007); *Voda v.*

*Cordis Corp.*, 476 F.3d 887, 889-90 (Fed. Cir. 2007); *U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 593, 597 (Fed. Cir. 1995); *Bath Iron Works Corp. v. U.S.*, 20 F.3d 1567, 1570 n.1 (Fed. Cir. 1994); *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1265-66 (Fed. Cir. 1991); *Johns-Manville Corp. v. U.S.*, 855 F.2d 1556, 1557 (Fed. Cir. 1988); *U.S. v. Connolly*, 716 F.2d 882, 883 (Fed. Cir. 1983)).  Defendants further cited a Fifth Circuit decision for the proposition that interlocutory appeal was an appropriate remedy even on the eve of trial. *Id.* (quoting *Edwards v. Cass County*, 919 F.2d 273, 276 (5th Cir. 1990)).

### B. Discussion

Title 28 § 1292(b) provides a means of appealing from interlocutory orders that are otherwise not appealable:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b).  This section "provides for review of an *order* rather than review of a particular *question*, [so the Circuit Court of Appeals] is not restricted to the questions specified by the district court but 'may address any issue fairly included within the certified order.'" *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004) (quoting *Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996)).

Certification "is not available as a means to review . . . for incorrect evaluation of proper factors."  *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 443 (2d Cir. 1966); *see also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 57 (5th Cir. 1963).  "A question

which requires a factual as well as legal decision is not suitable for interlocutory review." *Speizman Knitting Mach. Co. v. Terrot Strickmaschinen GmBH*, 505 F.Supp. 200, 202 (D.N.C. 1981). "[A]ppellate jurisdiction under § 1292(b) extends only to interlocutory orders involving a controlling question of law." *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 841 (5th Cir. 2005) (citations and quotations omitted). Section 1292(b) is meant to be applied sparingly in that only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978).

The Court finds that substantial grounds for difference of opinion exist regarding the question of whether a transfer of title through operation of law without a written assignment may apply in situations that do not involve heirs or probate law. The Court notes that the certification by the Federal Circuit would create efficiencies for not only this court but for Judge Young as well. In addressing Plaintiff's concern that Defendants are seeking to escape this forum in a tactical maneuver, Defendants' counsel sent a letter to the Court stating:

> During today's hearing, the Court asked whether, upon this Court's certification for interlocutory appeal of its June 4, 2008 Order, SAP would agree to seek a stay of its related declaratory judgment action in the District of Massachusetts. I have now consulted with my client, and the answer to your question is yes.

Letter from Paul S. Grewal to David Folsom (July 9, 2008).

The Court notes that 28 U.S.C. § 1292(b) states that the Court of Appeals may permit an appeal "*Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeal or a judge thereof shall so order." (emphasis in original). At this time, the Court will not stay the proceedings. The parties are obligated to meet all scheduling deadlines. The Defendants are not required to request a stay

of proceedings in Judge Young's action. The Court will reassess a stay of the proceedings in this action should the Federal Circuit grant the request for interlocutory appeal. If the Court grants a stay in this action, the Defendants will then be obligated to request a stay in the Massachusetts action, though the Court is mindful that it is in Judge Young's discretion whether to grant the request for stay. Therefore, because the Court finds that the resolution of this issue would materially advance the ultimate termination of this litigation, the Court **GRANTS** this portion of Defendants' motion.

## IV. CONCLUSION

Therefore, for the foregoing reasons the Court **DENIES-IN-PART** SAP AG and SAP America, Inc's Motion for Reconsideration and **GRANTS-IN-PART** Defendants' Motion for Certification of Question for Interlocutory Appeal (Dkt. No. 214).

The Court's Order of June 4, 2008 (Dkt. No. 212) is hereby **CERTIFIED** for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

It is so **ORDERED.**

 **SIGNED this 15th day of July, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE