## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SKY TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.  No. 2:06-cv-440 (DF) |
| | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMAND |
| SAP AG AND SAP AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### SAP AG AND SAP AMERICA, INC.'S MOTION TO STAY
### PENDING REEXAMINATION APPEAL

# TABLE OF CONTENTS

PAGE NO.

I.   INTRODUCTION ...................................................................................................1

II.  SKY'S ASSERTED CLAIMS STAND REJECTED MULTIPLE
     TIMES BY MULTIPLE EXAMINERS ...................................................................2

     A.   THE REEXAMINATION PROCEEDINGS .................................................3

     B.   THE PATENT OFFICE HAS REJECTED ALL OF THE ASSERTED
          CLAIMS ....................................................................................................3

III. THE PTO EXAMINERS' DECISION TO CANCEL SKY'S
     CLAIMS MAKES A STAY APPROPRIATE ............................................................6

     A.   LEGAL STANDARD ..................................................................................6

     B.   A FURTHER STAY WILL NOT PREJUDICE SKY ...................................7

     C.   ALLOWING THE REEXAMINATION APPEALS TO RUN THEIR
          COURSE WILL LIKELY SIMPLIFY THE PROCEEDINGS...........................8

     D.   THE CASE HAS BEEN STAYED FOR OVER A YEAR AND NO
          TRIAL DATE IS CURRENTLY SET ...........................................................11

IV.  CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

PAGE NO.

## CASES

*3M Innovative Props. Co. v. DuPont Dow Elastomers LLC*,
    No. 03-3364, 2005 WL 2216317
    (D. Minn. Sept. 8, 2005) ............................................................................................... 11

*Anascape, Ltd. v. Microsoft Corp.*,
    No. 06-cv-00158-RC
    (E.D. Tex. Feb. 23, 2007) ............................................................................................... 9

*Beatrice Foods Co. v. New England Printing and Lithographing Co.*,
    923 F.2d 1576 (Fed. Cir. 1991)..................................................................................... 2, 7

*Cooper Techs. Co. v. Dudas*,
    536 F.3d 1330 (Fed. Cir. 2008)..................................................................................... 1, 3

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:05-CV-291-DF
    (E.D. Tex. Jan. 10, 2007) ............................................................................................... 9

*In re Rackman*,
    No. 2009-1217 (Fed. Cir. Nov. 4, 2009).......................................................................... 9

*In re Swanson*,
    540 F.3d 1368 (Fed. Cir. 2008)................................................................................... 1, 10

*In re Trans Texas Holdings Corp.*,
    498 F.3d 1290 (Fed. Cir. 2007)..................................................................................... 10

*Paflex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985)......................................................................................... 1

*Premier Int'l Assocs., LLC v. Hewlett-Packard Co.*,
    No. 2:07-CV-395(DF)
    (E.D. Tex. May 19, 2008) ............................................................................................ 7, 9

*QPSX Devs. 5 PTY, Ltd. v. Ciena Corp.*,
    No. 2:07-CV-118-CE
    (E.D. Tex. Aug. 27, 2009) .................................................................................... 2, 7, 8, 9

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005)............................................................................ 7

ii

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
       250 Fed. Appx. 988 (Fed. Cir. 2007) .............................................................................. 10

## STATUTES

35 U.S.C. § 284 ..................................................................................................................... 2, 7

35 U.S.C. § 315(c) ................................................................................................................... 9

## OTHER AUTHORITIES

37 C.F.R. § 1.951 .................................................................................................................... 5

Fed. Cir. R. 36 ......................................................................................................................... 9

MPEP § 2262(I) ....................................................................................................................... 4

MPEP § 2271.01(I) .................................................................................................................. 4

MPEP § 2274(II) ...................................................................................................................... 5

MPEP § 2671.02(VIII) ............................................................................................................. 5

MPEP § 2671.03(I) .................................................................................................................. 5

MPEP § 2672(II) ...................................................................................................................... 5

MPEP § 2673.02 ...................................................................................................................... 6

DM_US:22898692_9

## I.      INTRODUCTION

SAP seeks a stay of this case pending Sky Technologies' appeal of adverse reexamination decisions rejecting all of the claims-in-suit.  In 2008, at SAP's request, the U.S. Patent Office initiated reexamination proceedings on the two patents-in-suit,[1] finding that SAP's requests raised substantial questions of patentability based on the prior art.  During the prosecution that has followed, the Patent Office has rejected all of Sky's asserted claims on multiple occasions.  For nearly a year and a half, Sky has tried to overcome the Patent Office's repeated rejections by submitting arguments and declarations, even conducting multiple *ex parte* interviews with the three patent examiners participating in the reexamination.  Despite Sky's efforts, the Patent Office has maintained rejections for all of the claims-in-suit.

On September 30, 2009, Sky filed a Notice of Appeal to the Board of Patent Appeals and Interferences, appealing a Final Office Action rejecting all of the asserted claims of the '653 patent.  The asserted claims in the remaining patent-in-suit also have received multiple rejections, including a recent notice of Action Closing Prosecution, which will likely result in Sky filing a Notice of Appeal regarding the '458 patent in the near future.  Given these repeated, adverse rulings regarding patentability and the advanced stage of the reexamination, a stay of this case pending Sky's appeal of final rejections should be entered.

Sky's claims are now far along the path to cancellation.  To hold a trial now would be a substantial waste of resources and could lead to inconsistent and unjust results.  Congress created the reexamination procedure as "a viable, less-costly alternative to patent litigation."[2]  Its purpose is to "correct examiner errors" and "remove patents that never should have been granted."[3]  After carefully considering Sky's repeated arguments, three experienced patent

---

[1] U.S. Patent Nos. 6,141,653 ("'653 patent"), 7,162,458 ("'458 patent").

[2] *Cooper Techs. Co. v. Dudas*, 536 F.3d 1330, 1332 (Fed. Cir. 2008) (quoting 145 Cong. Rec. S13259 (statement of Sen. Hatch)).

[3] *In re Swanson*, 540 F.3d 1368, 1375, 1378 (Fed. Cir. 2008) (quoting *Paflex Corp. v. Mossinghoff*, 758 F.2d 594, 604 (Fed. Cir. 1985)).

examiners have determined that Sky's patents should never have been granted.  The Patent Office has acted to correct its mistake.  Unless and until these rejections are withdrawn or overturned on appeal, this case should be stayed.

While Sky prefers to proceed to trial before its rejected claims are finally cancelled, a stay would not prejudice Sky in any way.  If the rejections are affirmed on appeal (which is the most likely result based on the disposition statistics for reexaminations), then Sky is not prejudiced because its claims are invalid and it is not entitled to any relief.  If the rejections were reversed on appeal or reconsidered by the Examiners, the stay could be lifted and trial could proceed.  SAP would then be estopped from offering anticipation defenses based upon the references considered during the reexamination.[4]  Assuming Sky prevailed at trial, any delay in judgment could, if necessary, be fully compensated by an award of prejudgment interest.[5]  Since Sky does not practice the claimed inventions or compete with SAP, it is unlikely to be entitled to any injunctive relief, and therefore could be made whole by monetary damages.  Given the balance of hardship, a stay is appropriate.

## II.  SKY'S ASSERTED CLAIMS STAND REJECTED MULTIPLE TIMES BY MULTIPLE EXAMINERS

As in this Court's *QPSX Devs. 5 PTY, Ltd. v. Ciena Corp.* case—which was stayed pending completion of the reexamination—"[t]he posture of the current reexamination proceedings . . . is unlike a number of other cases in which this court has denied motions to stay. Here, the claims in suit stand rejected multiple times, by multiple examiners."[6]

---

[4] In accordance with this Court's past practice, SAP is willing to stipulate not to argue invalidity based on the prior art patents and printed publications that were considered in the reexamination proceeding as a condition for entry of the stay.

[5] *See* 35 U.S.C. § 284; *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

[6] Declaration of David Price in Support of SAP AG and SAP America, Inc.'s Motion to Stay Pending Reexamination Appeal ("Price Decl."), Ex. A (*QPSX Devs. 5 PTY, Ltd. v. Ciena Corp.*, No. 2:07-CV-118-CE, slip op. at 2-3 (E.D. Tex. Aug. 27, 2009)).

## A.    THE REEXAMINATION PROCEEDINGS

In April 2008, SAP sought reexamination of the asserted claims of both of the patents-in-suit: an *ex parte* reexamination of the '653 patent[7] and an *inter partes* reexamination of the '458 patent.[8]  In May and June of 2008, the Patent Office found that both of SAP's requests raised substantial new questions of patentability and initiated reexaminations,[9] and in the '458 *inter partes* proceedings rejected both of Sky's asserted claims.[10]  Because the proceedings were still at a relatively early stage and not subject to any final rejections, SAP sought no stay of the case at that time; instead, it only sought to educate the jury about the ongoing proceedings at the Patent Office at trial.[11]

## B.    THE PATENT OFFICE HAS REJECTED ALL OF THE ASSERTED CLAIMS

The two reexaminations have proceeded on different tracks, though conducted by the same Examiner[12]—and both have now reached essentially the same place: a rejection of all

---

[7] Price Decl., Ex. B (U.S. Patent & Trademark Office Reexamination Control No. 90/010,139 ("'653 Reexamination History"), 4/10/08 Request for *Ex Parte* Reexamination of U.S. Patent No. 6,141,653)).

[8] Price Decl., Ex. K (U.S. Patent & Trademark Office Reexamination Control No. 95/001,037 ("'458 Reexamination History"), 4/10/08 Request for *Inter Partes* Reexamination of U.S. Patent No. 7,162,458).  By law, *inter partes* reexamination permitting SAP's ongoing participation is only available as to the later-filed '458 patent.  *See Cooper Techs. Co. v. Dudas*, 536 F.3d 1330, 1332 (Fed. Cir. 2008).

[9] Price Decl., Ex. C ('653 Reexamination History, 5/22/08 Order Granting Request for *Ex Parte* Reexamination); Price Decl., Ex. L ('458 Reexamination History, 6/20/08 Order Granting Request for *Inter Partes* Reexamination).

[10] Price Decl., Ex. M ('458 Reexamination History, 6/20/08 Office Action in *Inter Partes* Reexamination).

[11] *See* 9/9/08 SAP AG and SAP Am., Inc.'s Motion *in Limine* No. 1 to Admit Evidence of the Pending Re-Examination Proceedings (D.N. 269).

[12] Both reexaminations have been conducted by Central Reexamination Unit Examiner Matthew C. Graham. *Compare* Price Decl., Ex. G ('653 Reexamination History, 7/31/09 Final Office Action) at 35 *with* Price Decl., Ex. P ('458 Reexamination History, 7/31/09 Action Closing Prosecution) at 36.

asserted claims in an office action that formally ends prosecution, forcing Sky to seek reconsideration or appeal.

In the '653 *ex parte* reexamination, a panel comprising three Examiners, including the Examiner in charge of the reexamination and a manager, rejected all four asserted claims in a March 2009 initial office action—after this case had been stayed pending interlocutory appeal to the Federal Circuit regarding standing.[13]  Sky's representatives made written submissions arguing that the claims are valid over the art SAP cited in reexamination[14] and conducted an in-person office interview with the three-Examiner panel.[15]  Over Sky's arguments, that panel concurred in the issuance of a Final Office Action on July 31, 2009, rejecting all four asserted claims of the '653 patent.[16] That determination was based on anticipation by three independent pieces of prior art, any one of which would suffice to invalidate all asserted claims.[17]  On September 30, 2009, Sky filed a response to the Final Office Action along with a Notice of

---

[13] Price Decl., Ex. D ('653 Reexamination History, 3/13/09 Office Action in *Ex Parte* Reexamination); Manual of Patent Examination Procedure ("MPEP") § 2262(I) (Reexamination supervisor to "convene a panel review conference, and the conference members will review the patentability of the claim(s)"); *id.* § 2271.01(I) ("The panel will consist of three members, one of whom will be a manager.")

[14] *See* Price Decl., Ex. F ('653 Reexamination History, 5/12/09 Response to Office Action).

[15] *See* Price Decl., Ex. E ('653 Reexamination History, 4/14/09 *Ex Parte* Reexamination Interview Summary); Price Decl., Ex. H ('653 Reexamination History, 9/3/09 *Ex Parte* Reexamination Interview Summary); MPEP § 2271.01(I).

[16] Price Decl., Ex. G ('653 Reexamination History, 7/31/09 Final Office Action).

[17] Price Decl., Ex. G ('653 Reexamination History, 7/31/09 Final Office Action) at 2 (anticipation by U.S. Patent No. 5,168,446); *id.* at 10 (anticipation by U.S. Patent No. 6,055,519); *id.* at 20 (anticipation by AMiX Software manual).  According to subsequent interview notes, one of these rejections may have been withdrawn after an interview, *see* Price Decl., Ex. H (9/3/09 *Ex Parte* Reexamination Interview Summary), but the Patent Office has already reinstated that reference as a basis for rejection after initially deciding after an interview to withdraw the rejection. *Compare* Price Decl., Ex. E ('653 Reexamination History, 4/14/09 *Ex Parte* Reexamination Interview Summary) *with* Price Decl., Ex. G ('653 Reexamination History, 7/31/09 Final Office Action) at 20.

Appeal to the Board of Patent Appeals and Interferences ("BPAI").[18]  Its appeal brief is currently

due on November 30.[19]

In the *inter partes* reexamination of the '458 patent, Sky similarly argued that the initial

Office Action was wrong and that its claims were valid over the cited prior art.[20]  After SAP

responded,[21] the Patent Office issued an Action Closing Prosecution, maintaining its rejection of

both asserted claims in the '458 patent.[22]  Like the Final Office Action in the '653

reexamination, this rejection was made by a panel of three Examiners, including the Examiner-

in-charge and a manager,[23] and like the '653 reexamination, it was based on three independent

pieces of prior art.[24]  Sky had an opportunity to amend its claims following that Action,[25] but

opted instead to repeat its validity arguments without seeking any amendment.[26]  The next event

in the '458 reexamination (unless the Examiner changes position in response to Sky's late-filed

arguments) will be a Right of Appeal Notice that terminates prosecution at the Examiner level

---

[18] Price Decl., Ex. J ('653 Reexamination History, 9/30/09 Notice of Appeal); Price Decl., Ex. I ('653 Reexamination History, 9/30/09 Applicant Arguments/Remarks (including new expert declaration by Dr. David Finkel)).

[19] MPEP § 2274(II).

[20] Price Decl., Ex. N ('458 Reexamination History, 8/19/08 Response to Office Action).

[21] Price Decl., Ex. O ('458 Reexamination History, 9/18/08 Third Party Requester's Comments under 37 CFR § 1.947 to Patent Owner's Response of August 19, 2008).

[22] Price Decl., Ex. P ('458 Reexamination History, 7/31/09 Action Closing Prosecution).

[23] *See* MPEP § 2671.02(VIII); *id.* § 2671.03(I).

[24] Price Decl., Ex. P ('458 Reexamination History, 7/31/09 Action Closing Prosecution) at 2, 10, 20 (anticipation by same three references as in '653 reexamination).

[25] *See* Price Decl., Ex. P ('458 Reexamination History, 7/31/09 Action Closing Prosecution) at 35 (citing 37 C.F.R. § 1.951).

[26] Price Decl., Ex. Q ('458 Reexamination History, 9/25/09 Response After Action Closing Prosecution).  This response, which included a new expert declaration by Dr. David Finkel, was untimely filed and may not be considered by the Patent Office.  *See* MPEP § 2672(II) (30-day deadline for response); Price Decl., Ex. P ('458 Reexamination History, 7/31/09 Action Closing Prosecution) at 35 (same).

and gives Sky only two options: take an appeal to the BPAI, or acquiesce in the cancellation of

its claims.[27]

The claim rejections in the '653 reexamination have already been appealed, and those in

the '458 reexamination are on the cusp of joining them on appeal to the BPAI—a tribunal that,

since separate statistics have been kept, has affirmed or affirmed-in-part the decisions of the

Patent Office's Central Reexamination Unit nearly 75% of the time.[28]  As long as the status quo

persists at the Patent Office, *all of the claims that Sky has asserted against SAP will be revoked*.

### III.   THE PTO EXAMINERS' DECISION TO CANCEL SKY'S CLAIMS MAKES A STAY APPROPRIATE

#### A.   LEGAL STANDARD

As this Court has recognized, staying a case pending completion of a reexamination a

stay may benefit the district court proceedings because:

>    1.  All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;
>
>    2.  Many discovery problems relating to prior art can be alleviated by the PTO examination;
>
>    3.  In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
>
>    4.  The outcome of the reexamination may encourage a settlement without the further use of the Court;
>
>    5.  The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

---

[27] MPEP § 2673.02.

[28] *See* Price Decl., Ex. R (BPAI Statistics—Receipts and Dispositions by Technology Center). Statistics for the BPAI's disposition of appeals from Technology Center 3900, the Central Reexamination Unit, are shown for fiscal years 2008, 2009, and year-to-date 2010.  As of the end of October 2010, the BPAI has affirmed 76 reexamination decisions, affirmed-in-part 24, and reversed 35.  Price Decl., Exs. S-U (Summation of statistics from FY 2008, http://www.uspto.gov/ip/boards/bpai/stats/receipts/fy2008.htm; FY 2009, http://www.uspto.gov/ip/boards/bpai/stats/receipts/fy2009.htm; and year-to-date FY 2010, http://www.uspto.gov/ip/boards/bpai/stats/receipts/fy2010b.pdf).

     6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; and

7. The cost will likely be reduced both for the parties and the Court.[29]

When deciding whether to stay patent cases pending reexamination, "courts typically consider: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'"[30]

### B. A FURTHER STAY WILL NOT PREJUDICE SKY

Sky cannot show any prejudice or clear tactical disadvantage that would flow from staying this case and resuming it, if necessary, upon completion of the reexamination proceedings. Assuming that Sky's patents are valid and that SAP infringes—an assumption strongly undercut by the reexaminations' results—Sky can be adequately compensated through money damages. Sky, a patent licensing company, does not compete with SAP in the marketplace and is not suffering irreparable harm due to SAP's alleged infringement. If Sky perceived itself to be suffering such harm, it could have sought a preliminary injunction, but it did not.[31]

If Sky were to prevail at trial, a stay pending the reexamination appeal would not prejudice Sky's claim for money damages. Prejudgment interest would compensate Sky for any delay in payment caused by the stay.[32]

---

[29] Price Decl., Ex. V (*Premier Int'l Assocs., LLC v. Hewlett-Packard Co.*, No. 2:07-CV-395(DF), slip op. at 4 (E.D. Tex. May 19, 2008)) (alterations to quoted text omitted).

[30] *Id.* (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

[31] *Cf.* Price Decl., Ex. A (*QPSX*, slip op.) at 3 ("The court concludes that QPSX will not suffer undue prejudice—QPSX has not sought a preliminary injunction in this case, and the evidence suggests that QPSX would not suffer irreparable harm.").

[32] *See* 35 U.S.C. § 284; *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

Nor is continuing the stay in this case likely to result in evidentiary or tactical prejudice to Sky that puts it in a worse position at any trial that may occur.  The factual record in this case is largely developed, and Sky has identified only three will-call witnesses for trial: sole employee Jeffrey Conklin and Sky's two paid experts,[33] none of whom is likely to become unavailable or to suffer memory lapses that would undermine their testimony.  In addition, relevant SAP witnesses have already been deposed by Sky and their testimony is therefore preserved for trial.

## C.   ALLOWING THE REEXAMINATION APPEALS TO RUN THEIR COURSE WILL LIKELY SIMPLIFY THE PROCEEDINGS

In assessing any prejudice that may flow to Sky from continuing to stay this case, the Court should keep in mind that Sky will not be prejudiced at all *if the reexamination obviates any need for trial*—a distinct likelihood here.  SAP did not seek a stay as soon as reexamination was granted; instead, like the defendant in this Court's *QPSX* case, it has waited for a three-Examiner panel to reject the claims after both written and in-person argument by Sky, placing the reexaminations in appeal and near appeal, respectively.[34]  As noted above, the BPAI affirms the decisions of the Patent Office's Central Reexamination Unit in full or in part nearly 75% of the time.[35]  Since the Examiners have rejected all of Sky's claims due to anticipation by multiple independent prior art references, an affirmance as to any one reference will result in cancellation of all claims.  The strong likelihood, then, is that trial in this Court will never be necessary.

Indeed, that was precisely the recent result in *Rackman v. Microsoft Corp.*,[36] a case that was stayed pending *ex parte* reexamination.[37]  All of the requested claims were rejected,[38] a

---

[33] 9/10/08 Joint Pretrial Order (D.N. 286), Ex. A (Plaintiff's Trial Witness List).

[34] *Cf.* Price Decl., Ex. A (*QPSX*, slip op.) at 3 ("Furthermore, the defendants waited until after the third rejection to file the present motion.").

[35] *See supra* n.28.  56% of the BPAI's dispositions in reexamination cases affirm the Examiner in full.

[36] E.D.N.Y., No. 97-CV-3; *see also* Price Decl., Ex. DD (*Rackman v. Microsoft* status report).

DM_US:22898692_9

finding that was upheld on appeal to the BPAI[39] and then the Federal Circuit.[40]  As a result, following the Federal Circuit's mandate, the remaining work in that case will be purely administrative—the Patent Office will issue a reexamination certificate, and the district court will then dismiss the litigation.

Should the reexaminations leave Sky with any valid claims, they would place this case in a sharpened and simplified posture for trial.  To the extent that SAP does not prevail in the '458 *inter partes* reexamination, it will be estopped by 35 U.S.C. § 315(c) from raising as an invalidity defense "any ground which [SAP] raised or could have raised during the inter partes reexamination proceedings."  Though there is no similar statutory estoppel in *ex parte* reexamination, SAP is willing to stipulate not to argue invalidity based on the prior art patents and printed publications that were considered in the *ex parte* '653 reexamination proceeding as a condition for entry of the stay.[41]  The trial would thus proceed with fewer invalidity defenses, simplifying matters for the parties and for the jury.[42]

The alternative—to allow this case to go forward with a reexamination hanging over the proceedings—risks inconsistent, wasteful, confusing, and unjust outcomes.  Under current law,

---

[37] Price Decl., Ex. FF (Minute Entry) (D.N. 302) (E.D.N.Y. Apr. 12, 2005); Price Decl., Ex. W (U.S. Patent & Trademark Office Reexamination Control No. 90/007,353, 12/22/04 Request for *Ex Parte* Reexamination) at 8 (identifying contemporaneous litigation).

[38] Price Decl., Ex. X (U.S. Patent & Trademark Office Reexamination Control No. 90/007,353, 3/26/07 Final Rejection).

[39] Price Decl., Ex. Y (*Ex parte Rackman*, No. 2008-1893 (BPAI Jan. 5, 2009)).

[40] Price Decl., Ex. Z (*In re Rackman*, No. 2009-1217 (Fed. Cir. Nov. 4, 2009)) (affirming BPAI decision under Fed. Cir. R. 36).

[41] *See* Price Decl., Ex. A (*QPSX*, slip. op.) at 3; Price Decl., Ex. V (*Premier Int'l Assoc. LLC v. Hewlett Packard Co.*, Case No. 2:07-CV-395-DF (D.N. 104) (E.D. Tex. May 19, 2008)); Price Decl., Ex. AA (*DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:05-CV-291-DF (D.N. 98) (E.D. Tex. Jan. 10, 2007)).

[42] *Cf.* Price Decl., Ex. BB (*Anascape, Ltd. v. Microsoft Corp.*, No. 06-cv-00158-RC (D.N. 75) (E.D. Tex. Feb. 23, 2007)) at 6 (granting stay pending *inter partes* reexamination, "which will result in simplification").

9

SAP bears a heavier burden of proof to show invalidity at trial than it does before the Patent Office, which applies a preponderance-of-the-evidence standard and gives claims their broadest reasonable construction.[43]  Thus, it is possible that this case could be tried to judgment against SAP and appealed, and the claims be rejected while that appeal is pending—a result that would make the substantial efforts of the parties, this Court, and the Federal Circuit a nullity.[44]  Even worse, without a stay, the case could proceed to judgment against SAP, be appealed and affirmed, and claims be rejected only after all of SAP's appeals were exhausted—forcing SAP to seek relief from the judgment under Rule 60, including seeking the return of money already paid—a process obviously fraught with complications.

Furthermore, staying the case until the reexamination appeals are complete would render moot a significant evidentiary and legal dispute.  SAP has sought to admit evidence of the reexamination proceedings and instruct the jury of their significance, since they tend to show that the claims are invalid, that the deference owed to the original Patent Office examination should be lessened, and that Sky's willfulness allegations lack merit in light of the Patent Office's independent determination that the claims are of questionable validity.[45]  Sky has sought to exclude those proceedings, arguing that the then-preliminary state of the reexaminations was prejudicial and not probative of invalidity.[46]

Each of SAP's arguments has been strengthened, and Sky's weakened, by multiple Examiners' subsequent findings that all of the claims-in-suit should be rejected.  At the very least, should the Court refuse to stay the case, Sky should be precluded from objecting that the

---

[43] *In re Swanson*, 540 F.3d at 1377-78; *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1298 (Fed. Cir. 2007).

[44] *See Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988 (Fed. Cir. 2007) (unpublished).

[45] 9/9/08 SAP AG and SAP Am., Inc.'s Motion *in Limine* No. 1 to Admit Evidence of the Pending Re-Examination Proceedings (D.N. 269); 9/9/08 SAP AG and SAP Am., Inc.'s Proposed Jury Instructions (D.N. 272) at 24-25.

[46] 9/9/08 Plaintiff Sky Technologies, LLC's Motion *in Limine* (D.N. 276) at 1-3.

jury would be confused by the admission of the reexaminations at trial and hearing the full context of the Patent Office's actions surrounding these patents.  If Sky were correct about such potential jury confusion, it could easily be avoided by staying the case and allowing the reexaminations to be completed before trial.[47]

### D. THE CASE HAS BEEN STAYED FOR OVER A YEAR AND NO TRIAL DATE IS CURRENTLY SET

The present posture of this case makes it a strong candidate for continued stay.  The case has already been stayed following interlocutory review certified by this Court[48] and approved by the Federal Circuit.[49]  The case has only recently been remanded back to this Court following the Federal Circuit's affirmance of its ruling regarding standing.  No trial date is set; whenever the Court sets a date, both sides will have to restart their momentum towards trial: re-contact and schedule witnesses' time, organize their trial teams and logistics, and so on.  That effort—if it is not obviated by cancellation of claims in reexamination—will be essentially the same whether it happens before or after reexamination concludes.

## IV. CONCLUSION

This case should be stayed pending the completion of the reexamination proceedings.

---

[47] *See* Price Decl., Ex. CC (*3M Innovative Props. Co. v. DuPont Dow Elastomers LLC*, No. 03-3364, 2005 WL 2216317 (D. Minn. Sept. 8, 2005)) at *2 (cited in Sky's Motion *in Limine* (D.N. 276) at 3) (granting stay:  given tension between "highly relevant" reexamination results and potential for jury confusion, "this [simplification] factor weighs heavily in favor of granting a stay.").

[48] 7/15/08 Order Granting-in-Part Defendants' Motion for Certification of Question for Interlocutory Appeal (D.N. 247).

[49] Price Decl., Ex. EE (Order Granting Interlocutory Review), No. 2008-M879 (Fed. Cir. Sept. 10, 2008).

11

Dated:  November 12, 2009           Respectfully Submitted,

By: _____*/s/  Robert M. Galvin*_____
    Lloyd R. Day, Jr. (*pro hac vice*)
     dayl@howrey.com
    Robert M. Galvin (*pro hac vice*)
     galvinr@howrey.com
    Paul S. Grewal (*pro hac vice*)
     grewalp@howrey.com
    Renee DuBord Brown *(pro hac vice)*
     brownr@howrey.com
    Mario Moore *(pro hac vice)*
     mooremario@howrey.com
    **HOWREY LLP**
    1950 University Avenue, 4th Floor
    East Palo Alto, CA  94303
    Tel:  (650) 798-3500
    Fax: (650) 798-3600


    John Pickett (State Bar No. 15980320)
     jpickett@youngpickettlaw.com
    Damon Young (State Bar No. 22176700)
     dyoung@youngpickettlaw.com
    **YOUNG, PICKETT & LEE**
    4122 Texas Boulevard
    P. O. Box 1897
    Texarkana, Texas 75503 (*75504)
    Tel: (903) 794-1303
    Fax: (903) 792-5098

    **ATTORNEYS FOR DEFENDANTS
    SAP AG AND SAP AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  November 12, 2009

*/s/ Robert M. Galvin*
Robert M. Galvin

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Counsel for Plaintiff was contacted concerning this Motion, and Counsel for Plaintiff indicated that Plaintiff is opposed to this Motion.

Dated:  November 12, 2009

*/s/ Paul S. Grewal*
Paul S. Grewal