IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SKY TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-440-DF |
| | § | |
| SAP AG and SAP AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendants' Renewed Motion to Transfer Venue to the District of

Massachusetts.  Dkt. No. 324.  Also before the Court are Plaintiff's response, Defendants' reply,

and Plaintiff's sur-reply.  Dkt. Nos. 325, 326, & 331, respectively.  Having considered the

briefing and all relevant papers and pleadings, the Court finds that Defendants' motion should be

DENIED.

**I. BACKGROUND**

Plaintiff filed suit in this Court on October 17, 2006, and the Court set this case on its

October 2008 trial docket.  *See* Complaint, Dkt. No. 1; 2/6/2007 Docket Control Order, Dkt.

No. 42.  The Court entered a Claim Construction Order on November 13, 2007.  *See* Dkt. No.

121.  On June 4, 2008, the Court denied Defendants' Rule 12(b)(1) Motion to Dismiss for Lack

of Standing (Dkt. No. 132).  *See* 6/4/2008 Order, Dkt. No. 212.  Defendants then filed their

Motion for Reconsideration Or, In the Alternative, Certification of Question for Interlocutory

Appeal.  Dkt. No. 214.  The Court denied Defendants' request for reconsideration but certified

the question for interlocutory appeal.  7/15/2008 Order, Dkt. No. 247.  The parties filed pretrial

1

motions and papers in September 2008, and the Court signed the Joint Final Pretrial Order on

September 10, 2008.  Dkt. No. 286.

That same day, the Court of Appeals for the Federal Circuit granted Defendants' petition

for interlocutory appeal, and Defendants moved for a stay pending appeal, which Plaintiff did not

oppose and which the Court granted.  *See* 9/12/2008 Motion to Stay, Dkt. No. 290; 9/16/2008

Joint Stipulation, Dkt. No. 293; 9/17/2008 Order, Dkt. No. 294.  The Federal Circuit affirmed

this Court's denial of Defendants' motion to dismiss on August 20, 2009.  *See* Dkt. No. 302.

This Court held a status conference, lifted the stay, and set this case on the Court's October 2010

trial docket.  12/9/2009 Minute Entry, Dkt. No. 310; 12/14/2009 Order, Dkt. No. 313; 2/17/2010

Order, Dkt. No. 330.

Plaintiff also indicated willingness to transfer this case to this Court's Texarkana Division

if doing so would facilitate an earlier trial setting.  *See* 12/16/2009 Notice, Dkt. No. 315; *see also*

12/28/2009 Notice, Dkt. No. 319.  Defendants oppose any proposed transfer to the Texarkana

Division.  12/18/2009 Notice, Dkt. No. 316.  Plaintiff's suggested transfer to the Texarkana

Division is not the subject of Defendants' renewed motion to transfer, so this Order only resolves

Defendants' proposed transfer to the District of Massachusetts.[1]

## II.  LEGAL PRINCIPLES

Title 28, section 1404(a) of the United States Code provides that "[f]or the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

---

[1] Plaintiff's sur-reply also appears to withdraw its support for a transfer to the Texarkana Division: "While [Defendants'] argument is one that [Plaintiff] hopes the Court will see through, to the extent the Court would accept [Defendants'] invitation to penalize [Plaintiff] for consenting to trial in Texarkana, [Plaintiff] hereby withdraws its consent."  Dkt. No. 331 at 3.  This Order does not address any suggested transfer to the Texarkana Division, and the Court need not pass on whether Plaintiff's purported conditional withdrawal of consent has any effect.

any other district or division where it might have been brought." A district court has broad

discretion in deciding whether to order a transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

315 (5th Cir. 2008) ("*Volkswagen II*"). The Supreme Court of the United States has noted that

Section 1404(a) is intended to place discretion in the district court to adjudicate motions to

transfer according to an "individualized, case-by-case consideration of convenience and

fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376

U.S. 612, 622 (1964).

The Court of Appeals for the Fifth Circuit has set forth that the first "threshold"

determination a district court must make under Section 1404(a) is whether the claims could have

been brought in the proposed transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th

Cir. 2004) ("*Volkswagen I*"). After such a determination, the district court must then consider

the convenience of the parties and witnesses in both forums. *Id.*; *see also Humble Oil & Ref. Co.*

*v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009); *Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex.

2004).

A convenience determination consists of balancing the conveniences and inconveniences

resulting from the plaintiff's choice of venue, in comparison with those of the proposed venue.

This balancing includes examining several private and public interest factors, none of which has

dispositive weight. *Volkswagen I*, 371 F.3d at 203. The private interest factors include: "(1) the

relative ease of access to sources of proof; (2) the availability of compulsory process to secure

the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper*

*Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)); *see also TS Tech*, 551 F.3d at 1319.  The

public interest factors include: "(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having localized interests decided at home; (3) the familiarity of the

forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of

conflict of laws o[r] the application of foreign law." *Volkswagen I*, 371 F.3d at 203 (citing *Piper*,

454 U.S. at 341 n.6); *see also TS Tech*, 551 F.3d at 1319.

 The plaintiff's choice of venue is not a separate factor.  *Volkswagen II*, 545 F.3d at

314-15.  Instead, the plaintiff's choice of venue contributes to the defendant's burden to prove

that the transferee venue is "clearly more convenient" than the plaintiff's chosen venue.  *Id.* at

315; *TS Tech*, 551 F.3d at 1319.  Also, although the private and public interest factors apply to

most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is

dispositive.  *Volkswagen II*, 545 F.3d at 314-15.

### III.  THE PARTIES' POSITIONS

 Defendants argue that Massachusetts has more connections with this case.  Plaintiff is

incorporated and headquartered in Massachusetts.  Dkt. No. 326 at 1 & 4.  Two coinventors, a

patent prosecutor, a litigation consultant, and a former employee of an entity with which

Defendants dealt all reside in Massachusetts.  Dkt. No. 324 at 5-6.  Defendants' North American

Headquarters is in Newton Square, Pennsylvania, which is closer to Massachusetts than to Texas.

*Id.* at 6.  Defendants also submit that the Honorable William G. Young of the District of

Massachusetts previously held a nine-day trial involving the same patents-in-suit.  *Id.* at 1.

 Plaintiff responds that judicial economy weighs against transfer because discovery is

complete and the Court has construed the claims.  Dkt. No. 325 at 6.  Also, one non-party

witness, Amy Mathis, resides in Frisco, Texas, which is in this Court's district.  Dkt. No. 324 at 9

n.36.  Plaintiff submits that Ms. Mathis has not agreed to appear at trial such that this Court's

power to compel her attendance would be lost if the case is transferred.  Dkt. No. 325 at 6.

Plaintiff submits that "Ms. Mathis is likely to factor heavily into [Defendants'] . . . invalidity

case."  Dkt. No. 325 at 10-11.  Plaintiff also proposes that a transfer would delay the current

October 2010 trial setting and that the trial previously conducted by Judge Young involved

different technology, different prior art, was bifurcated with invalidity tried first, and settled

shortly after the invalidity phase ended.  *Id.* at 6 & 8.  Plaintiff also responds that all five

Massachusetts witnesses identified by Defendants have been deposed on multiple occasions.  *Id.*

at 9.  Further, "[t]he key developers that [Defendants] presented as [their] corporate

representatives to testify about the technology in this case reside in California," which is closer to

Texas than California.  *Id.* at 14; *see also id.* at 11.  Plaintiff also submits Defendants have

"signaled" they will move for reconsideration of this Court's claim constructions, which Plaintiff

argues this Court would be best equipped to handle.  *Id.* at 13.

Defendants reply that although Plaintiff submits that discovery is closed, Plaintiff itself is

demanding additional discovery, including new expert reports and one entirely new expert.  Dkt.

No. 326 at 1.  Defendants also emphasize that dispositive motions and motions *in limine* remain

to be filed and addressed such that this case is not on the "eve" of trial, as Plaintiff contends.  *Id.*

at 2.  Defendants further argue that Plaintiff applies a double standard by arguing that deposition

testimony is sufficient for Defendants' non-party witnesses at trial but that live testimony is

essential for Plaintiff's one non-party witness in Texas.  *Id.* at 5.

In sur-reply, Plaintiff emphasizes judicial economy.  Dkt. No. 331.  Plaintiff also argues

that Defendants' argument that transfer would not cause significant delay is pure speculation. *Id.* at 2. Also, to the extent Defendants argue that Plaintiff's consent to a potential transfer to Texarkana alters Defendants' burden at all, Plaintiff withdraws its consent. *Id.* at 3. Plaintiff further submits that all of Defendants' "Will Call" witnesses in Massachusetts have expressed a willingness to attend trial in this Court's district. *Id.* at 5.[2]

## IV. DISCUSSION

Defendants have a place of business in the District of Massachusetts, and Plaintiff does not appear to dispute that it could have filed suit against Defendants in that district.

### A.   **Private Interest Factors**

#### 1.   *Sources of Proof*

Despite technological advances that undoubtedly reduce the relative inconvenience of transporting documents across the country, this factor must still be considered. *Volkswagen II*, 545 F.3d at 316. This factor almost invariably turns on which party will most likely have the greater volume of relevant documents and on the presumed physical location of the documents in relation to the venues under consideration. *See, e.g.*, *Volkswagen II*, 545 F.3d at 314-15. Discovery is already essentially closed in the above-captioned case, and Plaintiff submits it "shipped all of its documents and other proof to Houston in 2003, when litigation in this District commenced." Dkt. No. 325 at 8. Because Plaintiff's proof moved to Texas for purposes of litigation, the Court gives no weight to the location of Plaintiff's proof. *See In re Hoffmann-LaRoche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009). Defendants submit that relevant proof is located at one of its offices in Massachusetts, and Defendants also note that its "American

---

[2] *See* n.1, *supra*.

6

headquarters is located in Newtown Square, Pennsylvania, much closer to Boston than to

Marshall." Dkt. No. 324 at 6-7.  On balance, this factor weighs slightly in favor of transfer.

     *2.      Availability of Compulsory Process*

This factor generally weighs in favor of transfer when more non-party witnesses reside

within the proposed venue than in the plaintiff's chosen venue.  *See Volkswagen II*, 545 F.3d at

316.  The factor will weigh the heaviest in favor of transfer when a transferee venue is said to

have "absolute subpoena power."  *Volkswagen II*, 545 F.3d at 316.  "Absolute subpoena power"

simply means that all relevant and material non-party witnesses reside within the subpoena

power of a particular court.  *See Volkswagen II*, 545 F.3d at 316; *Miller v. Longview Psychiatric

Hosp., L.L.C.*, No. 2:08-CV-42, 2009 WL 748094, at *3 (E.D. Tex. March 19, 2009).

In this case, Plaintiff submits that one non-party witness, Amy Mathis of Frisco, Texas,

resides in this Court's district and is thus subject to compulsory process by this Court.  Dkt. No.

325 at 6.  Plaintiff argues that Ms. Mathis will be "[o]ne of [Defendants'] primary witnesses at

trial" because "she was employed by Texas Instruments — a company that [Defendants] allege[]

developed the patented invention first."  *Id.* at 14 (emphasis omitted).  Defendants submit that

multiple non-party witnesses reside in Massachusetts, including a prosecuting attorney, two

coinventors, and two other fact witnesses.  Dkt. No. 324 at 5-6.  Because more non-party

witnesses reside in the District of Massachusetts than in the Eastern District of Texas, this favor

weighs in favor of transfer.

     *3.      Cost of Attendance for the Parties and Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all

claims and controversies properly joined in a proceeding."  *Volkswagen I*, 371 F.3d at 204.

Further, courts are not to consider the "significance of the identified witnesses' testimony," at least not beyond "assess[ing] the relevance and materiality of the information the witness may provide." *In re Genentech*, 566 F.3d at 1343. The relative materiality of witnesses' testimony is irrelevant to this inquiry. *See id.* ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary."). Thus, for the transfer analysis, all potential material and relevant witnesses must be considered as offering testimony of equal importance.

The Fifth Circuit has adopted a "100 mile rule" to assist in analyzing this factor. *See Volkswagen I*, 371 F.3d at 204-205. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 205. When applying the "100 mile rule," the threshold question is whether the plaintiff's chosen venue and the proposed venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified relevant witnesses and the two venues under consideration. *See Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320.

The "100 mile rule" generally favors transfer (with differing degrees) if the proposed venue is a shorter average distance away from witnesses than the plaintiff's chosen venue. *See Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See Volkswagen I*, 371 F.3d at 204 n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if

"travel time" distances favor the proposed venue, then this factor will favor transfer.  *Id.*  Finally, for this factor to favor transfer, the proposed venue need not be more convenient for *all* of the witnesses.  *In re Genentech*, 566 F.3d at 1345.  Instead, this factor can favor transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in plaintiff's chosen venue.  *Id.*

In this case, Defendants' "Will Call" and "May Call" witnesses reside in Germany, California, Pennsylvania, Massachusetts, Georgia, Maryland, New Jersey, New York, and North Carolina.  *See* Dkt. No. 325 at 11 & n.2.  Defendants' "Will Call" witnesses include two in California, two in Massachusetts, and one in North Carolina.  *Id.*  Based on the 100-mile rule, trial in Massachusetts would be less convenient for the California witnesses.  *See Volkswagen II*, 545 F.3d at 317 (discussing *Volkswagen I*).  But trial in Massachusetts would be slightly more convenient for the witnesses in North Carolina and Germany,[3] somewhat more convenient for witnesses in Pennsylvania, Maryland, New Jersey, and New York, and substantially more convenient for witnesses in Massachusetts.  On balance, this factor weighs in favor of transfer.

4.    *Practical Problems*

Practical problems include those that are rationally based on judicial economy.  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*").  In particular, the existence or creation of duplicative suits in different courts involving the same or similar issues may create practical difficulties that weigh heavily in favor of or against transfer.  *Id.*

---

[3]  German witnesses would face slightly shorter travel distances for trial in the District of Massachusetts, but this difference would be small in light of the overall travel distance.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) ("The witnesses from Europe will be required to travel a significant distance no matter where they testify."); *but see In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (noting shorter travel time for Japanese witness to fly to Washington State rather than Texas).

9

On one hand, the District of Massachusetts has prior experience with the patents-in-suit, as Defendants note.  Dkt. No. 324 at 1.  On the other hand, this Court has also handled a previous case brought by Plaintiff involving one of the same patents-in-suit.  *See* Civil Action No. 2:03-CV-454.  That case settled after entry of a Joint Pretrial Order and near the eve of trial.  *See* 2/23/2006 Joint Pretrial Order, *id.* at Dkt. No. 376; 3/14/2006 Order, *id.* at Dkt. No. 394.  More importantly, however, this Court has handled the above-captioned case from its filing, including discovery, claim construction, and trial preparations leading up to a stay entered at Defendants' request in connection with an interlocutory appeal less than a month before a trial setting.  On balance, this factor weighs heavily against transfer.  *See In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010) (noting "the amount of work that the district court has already done on the case" and finding that "the advanced stage of discovery and the completion of claim construction are proper considerations that weigh against transfer in the circumstances of this case").

**B.**      **Public Interest Factors**

*1.       Court Congestion*

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis.  *In re Genentech*, 566 F.3d at 1347.  However, the *Genentech* court additionally noted that this factor is the "most speculative," and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors."  *Id.*

Defendants submit that the District of Massachusetts could likely hold a trial in the above-captioned case around the same time as the current October 2010 trial setting in this Court.

Dkt. No. 324 at 8.  Plaintiff responds that Defendants' position is unsupported and that Plaintiff

would more likely face a time to trial consistent with the 30.7 month median time from filing to

trial in the District of Massachusetts.  Dkt. No. 325 at 13.  Because the above-captioned case

previously came within less than a month of a prior trial setting in this Court before being stayed

at Defendants' request, maintaining the current setting in this Court would, as a practical matter,

more likely lead to a timely disposition than would transferring the case to a district that has not

been handling this case.  This factor therefore weighs against transfer.  *Id.*

    *2.*    *Local Interest*

    The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed

upon the people of a community which has no relation to the litigation."  *Volkswagen I*, 371 F.3d

at 206.  Thus, this factor analyzes the "factual connection" that a case has with both the

transferee and transferor venues.  *See Volkswagen I*, 371 F.3d at 206.  Generally, local interests

that "could apply virtually to any judicial district or division in the United States" are disregarded

in favor of particularized local interests.  *Volkswagen II*, 545 F.3d at 318 (in a products liability

suit, disregarding local interest of citizens who used the widely-sold product within the plaintiff's

chosen venue); *TS Tech*, 551 F.3d at 1321 (in a patent suit, disregarding local interest of citizens

in the plaintiff's chosen venue who used the allegedly infringing products because the products

are "sold throughout the United States").

    Defendants do business nationwide, so this case is not tied to this Court's district in any

manner that would not apply to most other districts, including the District of Massachusetts.  *See*

Dkt. No. 324 at 3.  Also, Defendants have two offices in Massachusetts.  Dkt. No. 324 at 4.

Further, Plaintiff is incorporated in Massachusetts and the inventions were purportedly developed

in Massachusetts.  *Id.* at 4; Dkt. No. 325 at 13.  Overall, however, this is a nationwide dispute rather than a local one, so on balance this factor weighs only slightly in favor of transfer.

       *3.*     *Familiarity With the Governing Law*

Neither party has shown that this factor is applicable.  The Court accordingly finds this factor neutral.

       *4.*     *Avoidance of Unnecessary Conflict of Laws Problems*

Neither party has shown that this factor is applicable.  The Court accordingly finds this factor neutral.

Having considered the factors discussed above, and particularly in light of the advanced stage of the case, the amount of work this Court has already done on the case, and the presence of one non-party witness within this Court's district, the Court finds that Defendants have not shown that the District of Massachusetts would be a "clearly more convenient" venue. *Volkswagen II*, 545 F.3d at 315; *see also In re Vtech*, 2010 WL 46332, at *2.  Defendants' motion to transfer should therefore be DENIED.

## V.  CONCLUSION

Defendants' Renewed Motion to Transfer Venue to the District of Massachusetts (Dkt. No. 324) is hereby **DENIED**.

     **IT IS SO ORDERED.**

     **SIGNED this 18th day of May, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

12